# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAR, LLC,<br>    Plaintiff,<br><br>        v.<br><br>OJCOMMERCE, LLC, et al.,<br>    Defendants. | CV 21-5422 DSF (AGRx)<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 9) and GRANTING Defendants' Motion to Transfer (Dkt. 10) |

    Plaintiff James Dar, LLC moves to remand this action to the California Superior Court for the County of Los Angeles. Dkt. 9 (Remand Mot.). Defendants OJCommerce, LLC and OJCommerce.com, Inc. oppose. Dkt. 13 (Remand Opp'n). Defendants move for transfer to the Southern District of Florida. Dkt. 10 (Transfer Mot.). James Dar opposes. Dkt. 14 (Transfer Opp'n). The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. James Dar's Motion to Remand is DENIED and Defendants' Motion to Transfer is GRANTED.

## I. BACKGROUND

    This is a contract dispute. On April 30, 2021, James Dar brought suit in the Superior Court of California, County of Los Angeles to collect $55,642.84 in unpaid invoices. Dkt. 1-1 (Compl.) ¶ 25. In addition to requesting compensatory damages based on Defendants' breach of contract, James Dar also requests pre-judgment interest, and "attorney's fees pursuant to the applicable agreement." Compl., Prayer for Relief. According to James Dar, on January 21, 2021, James Dar sent Defendants a demand letter (the Demand Letter) notifying them that James Dar was entitled to the invoice amount plus statutory

prejudgment interest in the amount of $1,097.28 and legal fees already incurred in the amount of $5,200. Compl. ¶¶ 25-26. According to James Dar, as of January 21, 2021, the amount in controversy totaled $61,940.12. Id. ¶ 26.

On July 2, 2021, Defendants removed the case pursuant to 28 U.S.C. sections 1441 and 1446, alleging complete diversity of citizenship between the parties. Dkt. 1 (Notice of Removal).

On August 2, 2021, James Dar filed a motion for remand, alleging Defendants failed to satisfy 28 U.S.C. section 1332's amount in controversy requirement. Remand Mot. at 5.

The next day, on August 3, 2021, Defendants filed a motion to transfer the case to the United States District Court for the Southern District of Florida. Transfer Mot. at 1. Defendants allege a January 7, 2020 E-Commerce Vendor Agreement (the Agreement or Vendor Agreement) between James Dar and OJCommerce governs the dispute and includes a mandatory forum selection clause requiring all disputes to be litigated in Broward County, Florida. Id. at 2; see also dkts. 10-2 (Weiss Decl.) ¶¶ 4-5; 10-3 (Agreement) § 7.4.

## II. LEGAL STANDARDS

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## B. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 62 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Id. at 63 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988)).

The presence of a valid forum-selection clause requires the district courts to adjust the usual § 1404(a) analysis in three ways: (1) "the plaintiff's choice of forum merits no weight," (2) the court "should not consider arguments about the parties' private interests," and (3) a "transfer of venue will not carry with it the original venue's choice of law rules." Id. at 63-64. Consequently, "a district court may consider arguments about public-interest factors only." Id. at 64. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Id. at 64 n.6. But courts should "ordinarily transfer the case to the forum specified in that clause" and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. at 62.

## III. DISCUSSION

### A. Motion to Remand

James Dar does not contest that it is a California limited liability company, nor does it contest that Defendants are Florida limited liability companies. Compl. ¶¶ 1-3. James Dar contends, however, that

3

Defendants have failed to show the amount in controversy exceeds $75,000. Remand Mot. at 3. The Court disagrees.

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996)). However, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. Id. (quoting Sanchez, 102 F.3d at 404).

Here, the complaint alleges "the amount in controversy exceeds" $25,000 and seeks $55,642.84 in unpaid invoices, prejudgment interest, and attorney's fees. Compl. ¶¶ 25-26; see also Prayer for Relief. James Dar's Demand Letter sought statutory prejudgment interest in the amount of $1,097.28 and legal fees already incurred in the amount of $5,200. Compl. ¶¶ 25-26.[1] According to James Dar, as of January 21, 2021, the amount in controversy totaled $61,940.12. Id. ¶ 26. Because it is unclear from the face of the complaint whether the amount in controversy is met, Defendants must show that it is met by a preponderance of the evidence.

---

[1] The Court overrules James Dar's evidentiary objection to Defendants' "reference to a [sic] reliance upon" the Demand Letter in their motion to transfer and opposition to James Dar's motion to remand. See Dkt. 17 at 2. The Ninth Circuit has held that Federal Rule of Evidence 408 does not prohibit the use of settlement offers in determining the amount in controversy. See Cohn v. Petsmart, Inc., 281 F.3d 837,840 n.3 (9th Cir. 2002) ("We reject the argument that Fed.R.Evid. 408 prohibits the use of settlement offers in determining the amount in controversy."). In any event, the Court relied only on information provided by James Dar in its complaint.

Defendants allege the $55,642.84 James Dar seeks for unpaid invoices plus the attorney's fees James Dar seeks satisfies the amount in controversy. Notice of Removal ¶¶ 8-13; see also Remand Opp'n at 5-6. In support of their Notice of Removal, Defendants provide the declaration of Shlomo Y. Hecht, who declares that based on Hecht's experience, the estimated attorney's fees likely to be incurred by James Dar for work after the Demand Letter was sent are $68,600, which would bring the amount in controversy to $124,242.84. Dkt. 1-5 (Hecht Decl.) ¶8. Hecht estimates that James Dar's counsel will or has spent 10 hours consulting with their client; 2 hours drafting the complaint; 6 hours preparing written discovery; 6 hours responding to written discovery; 6 hours engaging in activities related to discovery motions; 24 hours preparing for, taking, and defending depositions; 50 hours preparing for trial; and 40 hours engaging in trial and post-trial activities, for a total of 196 hours. Id. Hecht multiplied 196 hours by counsel's hourly rate of $350, totaling $68,600.

James Dar contends Defendants' analysis of its expected attorneys' fees is unreasonable primarily because of the relationship counsel has with James Dar, and contends the attorneys' fees "will not be near $20,000 for this matter." Dkt. 16 (Remand Reply) at 3. James Dar's counsel declares that he agreed to work on this matter at a reduced rate of $300 instead of its usual $500 per hour, and (incorrectly) states Defendants failed to "discuss where they would even get 196 hours from" for this "simple collections matter." Remand Mot. at 4; Remand Reply at 5.

Based on the $5,200 James Dar incurred as of the filing of the complaint plus the $3,980 it requested in attorneys' fees for bringing its motion to remand, it appears counsel has spent at least 30.6 hours litigating this case so far, which represents $9,180 in attorneys' fees ($5,200 + $ 3,980 / $300 = 30.6 hours). See Compl.; see also Remand Reply at 5. The attorneys' fees incurred by James Dar to date plus the $55,642.84 in disputed invoices already amounts to $64,822.84.

The Court concludes, based on extensive experience, that this case cannot be prosecuted for $20,000 in fees. Counsel's suggestion

that he would "engage in a conversation" with his client as to how to limit attorneys' fees if the case became complex, Dkt. 9-1 (Rojani Decl.) at ¶ 12, does not defeat jurisdiction – and seems unnecessary in light of the claim that there is an attorneys fees clause in the contract. Prayer for Relief. Spending 196 hours litigating this matter is, the Court hopes, unlikely, but given the amount of time James Dar's counsel has already expended in bringing this suit and before the commencement of discovery, discovery-related motions practice, motions for summary judgment, and trial, the Court finds 98 hours is a very reasonable estimate of the time needed to litigate this case.[2] See Brooks v. Ford Motor Co., CV 20-302 DSF (KKx), 2020 WL 2731830, at *3 (C.D. Cal. May 26, 2020) ("[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover," not simply the amount plaintiff is most likely to recover) (quoting Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019)).

Defendants have met their burden to establish by a preponderance of the evidence that the maximum potential attorneys' fees plus the $55,642.92 in unpaid invoices exceeds $75,000 ($55,642.92 + (98 hours x $300) = $85,042.92)). The motion for remand is DENIED.

**B.    Motion to Transfer**

Defendants allege this matter should be transferred to the Southern District of Florida because the Agreement governing the business relationship between Defendants and James Dar contains a choice of law and forum selection clause:

> All disputes regarding the construction, interpretation and the parties' obligations under this Vendor Agreement shall be governed by the laws of the State of Florida . . . . *The venue and jurisdiction for the resolution of any such disputes shall be exclusively in the State or Federal courts located in the State of Florida, Broward County.*

---

[2] Notably, in Defendants' fees calculation, they did not include fees related to the pending motion to transfer and motion to remand.

Agreement § 7.4 (emphasis added).

### 1. The Agreement's Forum Selection Clause is Valid and Enforceable

Before engaging in the analytical framework under Atlantic Marine, the Court must first determine whether the forum-selection clause is valid and enforceable. See id. at 63 n.5 ("presuppos[ing] a contractually valid forum-selection clause"). "A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground" that renders the clause unenforceable. Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972)). A forum-selection clause is controlling unless the plaintiff makes a "strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting Bremen, 407 U.S. at 15, 18).

To establish the invalidity of the forum-selection clause due to fraud or overreaching, James Dar must "show that the inclusion of that clause in the contract was the product of fraud or coercion." Peterson v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013). Overreaching includes conduct short of fraud, involving "undue influence" or "overweening bargaining power." See Bremen, 407 U.S. at 12.

James Dar does not dispute the validity of the forum selection clause contained in the Agreement. Instead it contends the forum selection clause should not be enforced because it would be "unreasonable and unjust" for four reasons: (1) Defendants breached the Agreement they rely on to transfer the case to Florida; (2) the suit is based on unpaid invoices that contain a California forum selection clause; (3) Defendants "do business all over the country including

7

California"; and (4) "this is a simple, straight forward collections case that belongs in state court." Transfer Opp'n at 2. The Court disagrees with all four arguments.

First, James Dar's argument that Defendants cannot invoke the forum selection clause because Defendants "breached the Vendor Agreement" is meritless. Transfer Opp'n at 3. Indeed, James Dar fails to cite any supporting authority for its assertion and courts routinely enforce a forum selection clause in a contract allegedly breached by the party invoking the clause. See, e.g., Tanious v. Landstar Sys., Inc., No. CV 19-1067 DSF (SHKx), 2020 WL 3166610, at *1, *4 (C.D. Cal. June 15, 2021) (enforcing forum selection clause contained in agreement breached by the defendant); Friday & Cox, LLC v. FindLaw, Civ. Action No. 180532, 2018 WL 3912829, at *6 (W.D. Pa. Aug. 16, 2018) ("Plaintiff's reliance on its breach of contract allegations is not sufficient to show the forum-selection clause is invalid."); Beaubois v. Accolade Constr. Grp., Inc., No. 15 Civ. 05302 (GBD), 2016 WL 94255, at *1 (S.D.N.Y. Jan. 7, 2016) (rejecting the plaintiff's reliance on the principle "that a material breach discharges the non-breaching party from future performance" and explaining courts "routinely enforce forum-selection clauses against plaintiffs alleging breach of contract[.]").

Second, James Dar contends the invoices sent to Defendant each contained their own forum selection clause stating the "forum for any legal issues that may arise regarding the Invoices with be in California." Transfer Opp'n at 4. James Dar attaches a "Standard Terms and Conditions of Sale (Order Acknowledgment/Invoice)" that was purportedly "included on each of the Invoices sent to Defendants." Transfer Opp'n at 3; see also dkt. 14-1 (Acknowledgment). Defendants respond, "there is no evidence that the supposed 'relevant portion of the invoices' actually appeared on any of those sent to OJC or that OJC had any knowledge of the 'portion.'" Dkt. 15 (Transfer Reply) at 5. The invoices submitted by Defendants in connection with their motion to transfer do not include an Acknowledgment. See dkt. 10-6 (Invoices). Nor is the Acknowledgment signed by or directed at Defendants. See Acknowledgment.

Between an Agreement that was negotiated and signed by James Dar and a boilerplate Acknowledgment that may or may not have been received or seen by Defendants, the Court finds the Agreement controls. Plastoform Indus. Ltd. V. Monster LLC, No. 18-cv-02805-YGR, 2018 WL 10562845 (N.D. Cal. Sept. 6, 2018) is persuasive. In Plastoform, the parties entered into a manufacturing and supply agreement in which the plaintiff would supply products to the defendant. Id. at *1. The defendant issued purchase orders to the plaintiff and the plaintiff sent a corresponding invoice and the goods to the defendant. Id. The defendant argued the supply agreement contained a binding arbitration clause while the plaintiff asserted the purchase order contained a California choice of law and forum selection clause. Id.

The court in Plastoform concluded the terms included in the purchase orders did not supersede the supply agreement because (1) any modifications were required to be signed by both parties and (2) the supply agreement included a provision expressly rejecting the inclusion of plaintiff's boilerplate terms. Id. at *3. Similarly here, the Agreement includes an "Entire Agreement" clause, which states the Agreement "constitutes the entire agreement between the parties" and "[a]ll changes to th[e] Vendor Agreement must be in writing and signed by both parties." Agreement § 8. James Dar's Acknowledgment is unsigned by either party and therefore, as in Plastoform, the Agreement controls.

Further, the Vendor Agreement covers this dispute. James Dar argues the forum selection clause contained in the Agreement is not enforceable here because the "Vendor Agreement is simply not at issue in this matter – that was the contracted how [sic] the parties would interact with one another and it authorized James Dar to issue its own invoices." Transfer Opp'n at 3. The Court disagrees. The Agreement negotiated and signed by James Dar states, "the parties desire to enter into this Agreement to set forth the obligations and responsibilities of each in connection with their contractual relationship." Agreement at 1. Moreover, section 1.7 states, "OJCommerce agrees to pay Vendor for Services rendered in the amount set forth after the receipt of a correct

9

invoice from Vendor. OJCommerce will pay all undisputed invoice amounts within 30 days of invoice date." Agreement § 1.7. The Agreement sets forth Defendants' obligations to pay invoice amounts within 30 days. This is, therefore, a dispute "regarding the construction, interpretation and the parties' obligations under this Vendor Agreement," id., and is governed by the Vendor Agreement.

James Dar's third and fourth arguments are also unpersuasive. Where, as here, the parties negotiated and signed an agreement containing a Florida forum selection clause, it is irrelevant that Defendants "do business all over the country including California" or that in James Dar's opinion, "this is a simple, straight forward collections case that belongs in state court." See Transfer Opp'n at 2, 7-8.

### 2. Public Interest Factors

Having concluded that the forum selection is valid and enforceable, the Court may consider only the public interest factors enumerated in § 1404(a). Atl. Marine, 571 U.S. at 64.[3] Public interest factors "may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Id. at 62 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). "Because those factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." Id. at 64.

**Court Congestion**. Defendants claim "judges in the Southern District of Florida undoubtedly bear the similar caseloads to those in

---

[3] James Dar's argument about its private interests, see Transfer Opp'n at 8, has no place in this analysis and the Court therefore does not consider it. See Sun, 901 F.3d at 1091 ("Where the parties have agreed to a forum-selection clause, they 'waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.'" (quoting Atl. Marine, 571 U.S. at 64)).

10

this district and the districts take roughly the same amount of time to resolve civil suit." Transfer Reply at 9 (citing Tanious, 2020 WL 3166610, at *6). James Dar does not address court congestion. Although statistics on this issue are publicly available, the Court declines to do the parties' work for them. This factor is neutral.

**Familiarity with the Law**. James Dar argues "[t]here can be no doubt that this Court has a higher degree of familiarity with the relevant California laws than the Florida District Court" and "Plaintiff's Complaint is based exclusively on California law, including causes of action under California Civil Code, Business and Professions Code, and California common law." Transfer Opp'n at 6. Despite the fact that it does not appear from the face of James Dar's complaint that it has included causes of action for anything other than common law breach of contract, common count, and alter ego liability, Defendants note the Agreement also contains a choice of law provision governing the dispute. Transfer Mot. at 9. Regardless of whether California or Florida law applies, "federal judges routinely apply the law of a State other than the State in which they sit." Atl. Marine, 571 U.S. at 67 . James Dar identifies no "exceptionally arcane features" of California contract law "that are likely to defy comprehension by a federal judge sitting in [Florida]." Id. at 68. This factor does not weigh against Defendants.

**California's Interest**. James Dar raises California's "strong interest in ensuring that its citizens are not cheated by foreign corporations doing business in [its] state." Transfer Opp'n at 8. Assuming this factor weighs against transfer, this limited interest is not enough to tip the balance toward denial of Defendants' motion.

In all, James Dar has failed to establish that this is an "exceptional case" that defeats application of a valid forum selection clause. See Atl. Marine, 571 U.S. at 64 (public interest factors "will rarely defeat" a motion to transfer and therefore "forum-selection clauses should control except in unusual circumstances").

11

## IV. CONCLUSION

For the reasons set forth above, James Dar's Motion to Remand is DENIED and Defendants' Motion to Transfer is GRANTED.

IT IS SO ORDERED.

Date: September 9, 2021

Dale S. Fischer
United States District Judge